# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KEVIN STRUSS, et al.,

    Plaintiffs,

v.

RURAL COMMUNITY INSURANCE SERVICES, et al.,

    Defendants.

Case No. 18-2187-DDC-GEB

## MEMORANDUM AND ORDER

This matter comes before the court on defendants Rural Community Insurance Company and Scott Laaveg's Motion to Reconsider (Doc. 36). It asks the court to reconsider the court's February 28, 2019 Memorandum and Order. Doc. 34. That Order compelled arbitration between the parties and determined the parties' arbitration agreement required the arbitrator to determine the scope of the arbitrable claims. The Order also stayed the claims asserted against defendant Scott Laaveg until the other parties have completed their arbitration proceedings.

For the reasons explained below, the court finds defendants' arguments do not merit a different outcome. The court thus denies defendants' motion.

### I.    Background

Plaintiffs Kevin Struss, Struss Farms, L.L.C., and Struss & Cook Farms bring several tort claims and a breach of contract claim against defendants Rural Community Insurance Company ("RCIC") and Scott Laaveg, RCIC's Claim representative. These claims generally arise from a contractual relationship between the parties. Namely, RCIC insured plaintiffs' crops under several insurance contracts issued under a federal crop insurance program. The Complaint alleges that defendants breached the insurance contract, defamed plaintiffs, committed false light

invasion of privacy, acted negligently, and tortuously interfered with plaintiffs' prospective business advantage or relationship.

Earlier, defendants moved the court to dismiss the Complaint under Fed. R. Civ. P. 12(b)(3) and 12(b)(6), and, alternatively, to compel arbitration. Doc. 7. Plaintiffs responded that they were willing to proceed to arbitration and made a "counter-motion" to compel arbitration. *See* Docs. 16 and 18. The court ordered supplemental briefing on the issue of the arbitration clause's scope. Doc. 30. Thereafter, the court compelled arbitration of all plaintiffs' claims against RCIC and stayed the claims against Mr. Laaveg until the arbitration proceedings had completed. Doc. 34. Defendants ask the court to reconsider its Order. Doc. 36.

**II.     Legal Standard**

D. Kan. Rule 7.3(b) requires a movant to base its motion for reconsideration on: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." A motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Ferluga v. Eickhoff*, 236 F.R.D. 546, 549 (D. Kan. 2006) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). So, "a motion for reconsideration is appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (citing *Servants of Paraclete*, 204 F.3d at 1012). "The decision whether to grant a motion to reconsider is committed to the district court's discretion." *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)); *see also Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995) (noting "the decision to grant reconsideration is committed to the sound discretion of the district court").

### III. Analysis

Defendants' motion contends that the court should reconsider its February 28, 2019 Order "because the arbitration of both the contract and tort claims in this case would unduly result in clear error and manifest injustice . . . ." Doc. 37 at 2. They assert the court erred when it referred both the contract and tort claims to arbitration and it should have dismissed plaintiffs' claims for "extra-contractual damages." *Id.* at 3, 5. The court addresses each of defendants' arguments below.

#### A. Referring contract and tort claims to arbitration was not clear error.

Defendants assert the court erred by compelling "plaintiffs and RCIC to arbitrate all the claims in the Complaint – not just the breach of contract claim." Doc. 37 at 3. Specifically, defendants contend the court failed to consider the effect of two subsections of the American Arbitration Association rules cited by Rule 20(a)—subsections 20(c) and (f). According to defendants, Rule 20(c) and (f), as incorporated into Rule 20(a), "expressly limit[] the applicability of the AAA's rules" and limit the arbitrator's jurisdiction over tort and state law claims. *Id.* at 3.

The problem with defendants' argument is that they never made it in their original Motion to Dismiss nor in any subsequent filing. Also, defendants had a bonus opportunity to raise this argument when the court asked for supplemental briefing about the scope of the arbitration clause. Doc. 30. But defendants didn't raise the argument in that submission either. A motion for reconsideration "is not [an] appropriate [device] to . . . advance arguments that could have been raised in prior briefing." *Ferluga*, 236 F.R.D. at 549. Relying on *Belnap v. IASIS Healthcare*, 844 F.3d 1272, 1281 (10th Cir. 2017), the court concluded that the AAA's rules govern the parties' arbitration agreement under their Common Crop Insurance Policies.

3

Doc. 34 at 6. And the court explained those rules provide the arbitrator with the authority to decide the scope of the arbitrable issues between the parties. *Id.* The court declines to reconsider its holding referring all claims in the Complaint against defendant RCIC to arbitration.

### B. The court continues the stay for plaintiffs' non-contractual claims against RCIC and Mr. Laaveg.

Next, defendants assert the court "mistakenly referred [p]laintiffs' non-contractual claims against RCIC to arbitration and declined to dismiss [p]laintiffs' tort claims against defendant Scott Laaveg." Doc. 37 at 5. Defendants contend that section 20(i) of the Common Crop Insurance Policy "expressly prohibits an arbitrator from awarding extra contractual damages . . . ." *Id.* And, defendants contend, the policy grants jurisdiction to the court alone over claims for extra-contractual damages. Thus, according to defendants, the court was "obligated to address the merits of [d]efendants' arguments concerning the applicability of 7 C.F.R. §§ 400.176(b) and 400.352(b) and the preemption of [p]laintiffs' state law and tort claims." *Id.* at 6.

Defendants concede they previously raised this argument in their briefs. *Id.* And, the court already has addressed this issue explicitly. A motion for reconsideration "is not [an] appropriate [device] to revisit issues already addressed[.]" *Ferluga*, 236 F.R.D. at 549. The court remains convinced that *Belnap* requires the court to refer all claims against RCIC to arbitration for an initial determination of arbitrability and stay the case while that determination is made. 844 F.3d at 1281 (concluding that when "there is clear and unmistakable evidence" that the parties "agreed that an arbitrator should decide all questions of arbitrability . . . the district court should have stayed the litigation and compelled all claims against [defendant] to arbitration so that an arbitrator could decide their arbitrability in the first instance."). Also, the court

4

exercised its discretion to stay proceedings against Mr. Laaveg "for the purpose of economy of time and effort for itself, for counsel, and for litigants." Doc. 34 at 8 (quoting *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (other citation and quotation marks omitted))); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983) ("[I]t may be advisable to stay litigation among non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court . . . as a matter of its discretion to control its docket."). The court, thus, will not readdress this renewed argument.

Defendants raise no new arguments and cite no new authority that persuades the court to revisit its decision about the claims against Mr. Laaveg. The court thus declines to reconsider its decision to stay proceedings against Mr. Laaveg until the arbitration concludes.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Rural Community Insurance Company and Scott Laaveg's Motion to Reconsider (Doc. 36) is denied.

**IT IS SO ORDERED.**

**Dated this 11th day of October, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**